LUIS COLL WATLINGTON, Plaintiff and Appellant, *v.* DIEGO BIASCOECHEA, Defendant and Appellee.

No. 7776. Argued November 23, 1938.—Decided December 1, 1938.

*Susoni & Susoni* for appellant. *Dubón & Ochoteco* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The district court, in passing upon a memorandum of costs, refused to allow an item, specifying the amount paid the stenographer for making a transcript of the evidence, to be used on appeal. This ruling is assigned as error.

■ Section 5 of "An Act to provide for the appointment, duties, and compensation of stenographers of the district courts," approved March 10, 1904 (Comp. Stat. 1911, Sec. 1281) provided that:

"It shall be the duty of each reporter to furnish, on the application of the Attorney General, district fiscal, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same and to be taxed as costs in the case against the party finally defeated in the action."

By the terms of section 327 of the Code of Civil Procedure as amended in 1936 (Session Laws, p. 352) a bill of costs presented after judgment in the district court may include the following item:

" (4) The amount paid to the stenographer of the court for the transcription of any testimony of evidence or proceedings had in open court, if said transcription is ordered by the court."

Prior to the amendment of 1936, this court had held that the stenographer's fees for the preparation of the transcript of the evidence to be used on appeal formed ·no part of the

costs in the district court and could not be included in a memorandum of costs. *Polanco v. Goffinet et al.,* 30 P.R.R. 821. This case was distinguished but not overruled, nor was the doctrine thereof modified in *Cortés & Segura, Inc. v. Cortés,* 43 P.R.R. 452. We do not find in subdivision 4 of section 327, as amended in 1936, nor in that section as further amended in 1937, (Session Laws, p. 229) any satisfactory reason for holding that, when a district judge orders the preparation of a transcript of the evidence to be used on appeal, the stenographer's fees for the preparation of such a transcript should be included in the memorandum of costs filed in the district court.

Section 339 of the Code of Civil Procedure as amended in 1917 provided for the filing of a memorandum of costs within ten days after expiration of the time within which an appeal might have been taken or in the event of an appeal within ten days after the filing of the mandate of the appellate tribunal in the district court. (C.C.P., 1933 ed.) By the same act which amended section 327 in 1936, section 339 was again amended to read as follows:

"The memorandum of costs shall be filed within ten days after notification of the judgment, and any opposition thereto within the following five days. Within ten days after the decision of the court on the memorandum of costs, either of the parties may appeal to the Supreme Court, and the appeal shall be considered jointly with any appeal that shall have been brought against the main judgment; *Provided,* That in case no appeal is taken from the main judgment, an appeal can always be taken from the memorandum of costs."

Ordinarily the amount paid to a stenographer for a transcript of the evidence to be used on appeal could not be included in a memorandum of costs. Inclusion thereof in the instant case was possible only because this court in disposing of an appeal from a judgment of the district court reversed that judgment and in lieu thereof rendered the judgment which should have been rendered by the district court

in the first instance including an award of the costs in the district court.

Our conclusion is that an order for the preparation of a transcript of the evidence to be used on appeal, made after the filing of a notice of appeal, is not the order referred to in subdivision 4 of section 327, *supra*.

Another contention is that the district court erred in striking from the memorandum an item of $250 claimed as attorney's fees. This contention is equally without merit. *McCormick* v. *González*, 52 P.R.R. 880. The case of *Mejías* v. *Jaime*, 52 P.R.R. 518, is not in point.

The orders appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.